IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NORVAL R. MOSS )
 )
　　v. ) NO. 3:06-0076
 )
SHERIFF TOM WALL, et al. )

TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 26, 2007 (Docket Entry No. 18), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for case management, decision on all pretrial, nondispositive motions, a report and recommendation on any dispositive motions, and to conduct any necessary proceedings.

The pro se prisoner's civil rights action was dismissed by Order entered February 1, 2006 (Docket Entry No. 4), for failure to exhaust administrative remedies. By a mandate issued by the Sixth Circuit Court of Appeals on May 31, 2007, the dismissal of the case was reversed and the case was remanded for further proceedings.

Because the 2006 dismissal of the action occurred sua sponte by the Court, process was never issued in the action. By Order entered July 14, 2008 (Docket Entry No. 19), the Clerk was instructed to send the plaintiff seventeen (17) service packets (a blank summons and USM 285 form) for the defendants. The plaintiff was directed to complete the service packets and return them to the

Clerk's Office within twenty (20) days of the date of receipt of this order.[1] Upon return of the service packets, the Clerk was directed to issue process to the defendants.

The record in the action does not show that completed service packets have been returned by the plaintiff. Indeed, there has been no activity in the action subsequent to the Order entered July 14, 2008.

Accordingly, the Court recommends that this action be dismissed. The defendants have not been served with process within 120 days of the date this action was filed as required by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice.

Furthermore, it is well settled that federal trial courts have the inherent power to manage their own dockets. Link v. Wabash Railroad Co., 370 U.S. 626 (1961). Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The lack of any activity in the action whatsoever on the part of the plaintiff since either the action was remanded or since the Court instructed him to return completed service packets indicates that he has lost interest in pursuing the action.

---

[1] The record shows that the plaintiff signed a return receipt card on July 15, 2008, for the July 14, 2008, Order and 17 service packets. See Docket Entry No. 20.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    _____
    JULIET GRIFFIN
    United States Magistrate Judge